GRAYSON *v.* MEREDITH.

In an action for slander, the parties, by mutual agreement, evidenced by their respective bonds, referred the controversy to the arbitrament of certain persons, whose award, it was agreed, should be made a rule of the Court in which the suit was pending. The arbitrators having heard the case, made an award, in which they found that some slanderous words had been spoken by the defendant of the plaintiff, and directed that the defendant should pay the costs of the suit, accrued and to accrue, including the costs of arbitration. The defendant accepted the award, and, at the next term of the Court, set it up, by way of answer *puis darrein continuance* to the complaint.

*Held,* that the award was valid, and settled the terms of the judgment; but that the defendant, instead of setting up his award by way of answer, should have filed and proved the submission and award, as a paper in the case, on which the Court should have rendered judgment according to the terms of the award.

APPEAL from the *Decatur* Circuit Court.

PERKINS, J.—*Grayson* sued *Meredith* for slander. While the action was pending, the parties, by mutual agreement, evidenced by mutual bonds, referred the controversy to the arbitrament of twelve designated men, whose award was to be made a rule of the Court in which the action was pending.

The arbitrators met, the parties both appeared before them, the cause was heard, and the arbitrators made an award, after a two days' session, as follows, viz., 1. A preamble reciting a history of the case. 2. That *Meredith* had spoken some slanderous words of *Grayson*, and should pay all the costs, accrued and accruing, which, including those of the arbitration, amounted to from fifty to seventy-five dollars. The costs of the arbitration were, in round numbers, forty dollars. This was a valid award. Cald. on Arb., 1 Am. ed., p. 126.

The defendant accepted the award, and, instead of filing it, with the bond, as a paper in the cause, and proving its execution, as was the proper course, he set it up by way of answer, *puis darrein continuance.* The plaintiff demurred to the answer, but the Court overruled the demurrer,

and rendered final judgment for the defendant. See Cald. on Arb., pp. 135, 136. This judgment was right as to damages, but wrong as to costs.

The award, as has been said, was good, and settled the terms of the judgment. Cald. on Arb., p. 126; 2 Par. on Cont., 3 ed., p. 209. Suppose the parties had agreed between then selves upon the terms of the judgment. Suppose they had said to the Court, we have settled this suit; we have agreed that the defendant is guilty of speaking some slanderous words, and that he shall be mulcted in the costs of the suit. The Court would then have entered judgment, that the plaintiff take nothing in damages by his suit, but that he recover his costs and charges. See *Sharp* v. *Eveleigh*, 5 Eng. L. & E. Rep. 467. The award takes the place of such an agreement. It covers all the questions raised by the complaint for slander, and a denial of its allegations. Had such an issue gone to a jury, the questions would have been: did the defendant speak the words; if so, what damage shall he pay? If it was found that the words were spoken, but without malice, (and as to this, the inquiry would come up on the assessment of damages,) then none, or but nominal damages, would be assessed. The award finds the words were spoken, and finds no damages but the payment of costs, implying that there was little or no malice. It was competent for the arbitrators to award the costs, without assessing nominal damages. It does not appear in this case, whether the plaintiff had summoned the defendant before a court of conciliation, prior to bringing this suit, so as to place himself in a position to recover his costs, if successful in the suit, or not.

We have said that the defendant, properly, should have filed and proved the submission and award, as a paper in the cause, on which, as a settlement of the case, and according to its terms, the Court should have rendered judgment; but the form of getting the award before the Court by answer, was not below, and is not in this Court, objected to, and is not matter of substance. If the award had been made upon a submission, oral or written, which did not provide that the award should be made a rule of Court, then the proper mode

of using the award as a bar to a new, or the further prose-
cution of a pending, suit, might have been by setting it up
in an answer. See Chit. on Cont., 7 Am. ed., p. 790, *b*. But
where there is no suit pending, or where there is one, and
the parties out of court submit to arbitrament, with an agree-
ment that the award shall be made a rule of court, then
the award should be filed and proved, as the ground of
further action in the cause by the court. So where a suit
is pending, and the reference, instead of being made out of
court by the parties, is made in court, with their consent, by
order of reference, the award should be returned into court,
like a verdict, or the agreement of the parties; and in such
case, the award will be acted upon without the submission
being proved, as the court is cognizant of that fact, and of
its own appointees as arbitrators; and when they appear and
make a return, the court receives it like reports of its own
commissioners in other cases, &c.

*Per Curiam.*—The judgment is reversed, with costs, with
instructions to the Court below to render judgment that the
plaintiff take nothing in damages, but that he recover his
costs of the defendant, pursuant to the award of the arbi-
trators.

*J. S. Scobey*, for the appellant.

*James Gavin* and *Oscar B. Hord*, for the appellee.